IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-0797-KMT

ANTHONY J. LUCERO,

        Plaintiff,

v.

UNITED STATES,

        Defendant.

## ORDER

Magistrate Judge Kathleen M. Tafoya

        This action is before the Court on "Defendant's Motion to Dismiss Claim 3 of Plaintif's (sic) Second Amended Complaint (Doc. 23)" (Doc. No. 24). The motion seeks dismissal of the third claim of *pro se* Plaintiff Anthony J. Lucero's second amended complaint (Doc. No. 23, the "SAC"). The parties consented to magistrate jurisdiction for all purposes under 28 U.S.C. § 636(c), and the case was referred to Magistrate Judge Craig B. Shaffer. Doc. No. 17. Shortly after the briefing on Defendant's motion was complete, Judge Shaffer became unavailable. The case was reassigned to the undersigned on November 8, 2017. Doc. No. 30. The Court has reviewed the briefs and finds that oral argument would not assist the Court.

        For the reasons that follow, the Court GRANTS the motion to dismiss claim 3 without prejudice because Plaintiff did not exhaust his administrative remedy for that claim, and the Court therefore lacks subject matter jurisdiction over it. Plaintiff's first and second claims for relief remain pending.

**STATEMENT OF THE CASE**

Mr. Lucero brought this action by filing an original and corrected complaint on March 28, 2017. Doc. Nos. 1, 2. Plaintiff also filed an Amendment to Original Corrected Complaint on May 19, 2017. Doc. No. 11. Judge Shaffer held a status conference with the parties on July 11, 2017, in which he granted leave for Plaintiff to file a motion to amend his complaint. Doc. No. 15 (minutes). Mr. Lucero timely filed the motion to amend with a proposed second amended complaint. Doc. No. 18. The Court granted the motion to amend, and the SAC was docketed on August 16, 2017. Doc. No. 23.

In the SAC, Mr. Lucero brings three claims for relief. Defendant has answered the first and second claims for relief, and those claims are not at issue here. The Court accordingly does not summarize all of Plaintiff's allegations, but only those that relate to the third claim. Plaintiff alleges that

> Charles Stephen Bonney, my former VA mental health therapist in Pueblo, Colorado, did greatly harm, injure, and damage my life not only on August 8, 2012, when he filed false written and oral reports but also from four years earlier - when he began writing and filing patently fraudulent medical documents, which past false reporting and damages extend to this very day.

SAC at p. 2. Regarding those facts, he

> filed a Federal Form 95, *Claim for damage, injury, or death* on 8/07/2014, with supporting documents and elaboration for items #8 and #10 of that form which were to be scrutinized by the VA attorneys for the U.S. Dept. of Veterans Affair. After some length of time I called the first VA attorney and she responded to me that she was overwhelmed with her caseloads, then later denied my claim without elaboration on January 30, 2015. I next filed an Affidavit along with a *Request for Reconsideration of Administrative Tort Claim* motion. I timely filed my administrative tort claim and an appeal of its denial, but was issued the final agency denial without any rationale or references on 9/27/2016. That denial was issued without corroboration despite substantial evidence I had submitted regarding my actions and inactions, and

> those "willful and wanton" actions of VA therapist Bonney's false previous filings over the years. By those VA attorneys not communicating with me, nor interviewing me, nor commenting on the merits of my filing, they failed to convince me that they'd made any effort at all and, perhaps because of case overload, denied me my due process rights.

SAC at pp. 4-5. In Mr. Lucero's third claim for relief, he further alleges regarding the VA attorneys:

> The attorneys for the Veterans Affairs apparently *did not follow through with the evidence and witness that I provided.* They took many, many months to respond and didn't communicate with me except to write that my actions and writings had been denied.
>
> After I called, the second attorney told me that there were 11 cases ahead of me and then months later, she called me and said that there were now 22 cases ahead of me! How can that be? She said that she forgot that she had talked to me previously. She offered no excuse for not handling my case. The government attorneys provided no evidence of their reasons, actions or inactions and did each violate my rights to due process and *delay my claim relief.*

*Id.* at p. 10 ¶¶ 16-17 (emphasis original). Plaintiff alleges the court has jurisdiction pursuant to

> 28 U.S. Code § 2675 (Disposition by federal agency as prerequisite); 28 CFR § 14.9 (Final denial of claim); 28 U.S.C. § 2401(b) (time bar for filing this original action was met), and 28 U.S.C. 1346 United States as defendant. Copies of denials of plaintiff's V.A. claims of January 28, 2015 and September 27, 2016, were appended to the Original Complaint.

*Id.* at p. 2. The corrected original complaint includes a letter from the U.S. Department of Veterans Affairs ("VA") Office of Regional Counsel dated January 28, 2015 denying his "Administrative Tort Claim received … on August 8, 2014." Doc. No. 2 at pp. 8-9. The corrected complaint also includes a letter from the VA Office of the General Counsel dated September 27, 2016, denying his administrative appeal of that claim. *Id.* at p. 10.

On August 29, 2017, Defendant moved to dismiss the third claim for relief under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Doc. No. 24.[1] Defendant argues that Mr. Lucero did not exhaust his administrative remedy as to this claim. The court granted Mr. Lucero an extension of time to respond to the motion, and his response was timely docketed on October 11, 2017. Doc. No. 28. Defendant waived its right to reply. Doc. No. 29.

## LEGAL STANDARDS

**A.     Pro Se *Plaintiff***

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to

---

[1] Defendant also argues the third claim fails to state a claim for relief under Rule 12(b)(6); the Court concludes it is unnecessary to reach that argument.

application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002); *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

B. *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Id.*  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations...[and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

## ANALYSIS

Defendant argues Plaintiff has failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). (*See* Mot.) The SAC does not identify the law under which Mr. Lucero brings the third claim in particular, but this is not necessarily required in a complaint. *Tatonka Capital Corp. v. Connelly,* No. 16-CV-01141-MSK-NYW, 2016 WL 9344257, at *7 (D. Colo. Dec. 29, 2016). Mr. Lucero cites a provision of the FTCA for jurisdiction (28 U.S.C. § 2675) and confirmed in the July 11, 2017 conference that he was suing Defendant under the FTCA.[2] In his response to the motion to dismiss, Plaintiff does not dispute that the claim is brought under the FTCA.

> The FTCA has both an administrative-exhaustion requirement, set forth in 28 U.S.C. § 2675(a), and a statute of limitations, set forth in 28 U.S.C. § 2401(b). Combined, these provisions act as chronological bookends to an FTCA claim, marking both a date before which a claim may not be filed and a date after which any filing is untimely.

*Howard v. Estrada,* No. 16-cv-01826-MEH, 2017 WL 2452510, at *7 (D. Colo. June 6, 2017) (quoting *Barnes v. United States*, 776 F.3d 1134, 1139 (10th Cir. 2015), *cert. den'd,* 136 S. Ct. 1155 (2016)).

Thus, under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). The notice requirements under the FTCA are jurisdictional and "must be strictly construed." *Bradley v. United States*, 951 F.2d 268, 270

---

[2] Neither party has yet requested a transcript of the July 11, 2017 conference; the court has reviewed the audiorecording.

(10th Cir. 1991); *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1287, 1290 (10th Cir. 2004).  The FTCA waiver must "be construed strictly in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25, 27 (1951) (footnote omitted); *Jackson v. United States*, 789 F. Supp. 1109, 1110–11 (D. Colo. 1992).

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Under the FTCA, the plaintiff must present his claim "to the appropriate federal agency before suing the United States by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Cizek v. United States*, 953 F.2d 1232, 1234 (10th Cir. 1992) (quoting *Warren v. United States Dep't of Interior Bureau of Land Mgm't*, 724 F.2d 776, 780 (9th Cir. 1984)).  A claim is "deemed to have been presented when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain...." 28 C.F.R. § 14.2(a).  The FTCA provides that a claimant may not file suit unless he first presents such a claim to the appropriate agency, which then must deny the same. 28 U.S.C. § 2675(a).  Failure to exhaust remedies requires dismissal of the complaint, *McNeil,* 508 U.S. at 113, because the court lacks jurisdiction to hear an unexhausted FTCA claim. *Estate of Cummings v. United States,* 651 F. App'x 822, 827–28 (10th Cir. 2016), *as clarified on reh'g* (June 24, 2016).

Defendant argues Plaintiff's third claim should be dismissed because he failed to exhaust his administrative remedies for that claim.  This claim addresses how the VA's lawyers processed his August 7, 2014 administrative tort claim and appeal.  Plaintiff alleges that he administratively exhausted the August 7, 2014 claim regarding Dr. Bonney's conduct, and

attaches the VA letters that show the administrative exhaustion of that claim. Doc. No. 2 at pp. 8-10. He does not allege, however, that he filed an administrative tort claim regarding the VA's processing and denial of that 2014 administrative claim. Nor does he attach a letter from the VA denying such an administrative claim. The VA's August 29, 2016 denial letter apologizes for the time taken in reviewing Mr. Lucero's appeal, but it does not address a claim regarding that delay. Doc. No. 2 at p. 10.

Defendant attaches to its motion a copy of Mr. Lucero's August 7, 2014 administrative tort claim to show that it does not include a claim regarding the VA's lawyers or processing of that claim. Attaching the administrative claim was probably not necessary, since as a matter of logic the August 7, 2014 administrative claim could not also claim a tort in the VA's *subsequent* processing of that claim. Nonetheless, the Court has reviewed the 2014 administrative claim (Doc. No. 24-1) and confirmed that it is does not include a claim regarding the manner in which the VA's lawyers processed that claim. In his response, Plaintiff argues that he did exhaust his administrative remedies, but he does not explain how this is so with respect to the third claim. Doc. No. 28 at p. 4. He refers to his Form 95 administrative claim for damages and his appeal with evidence, affidavits and "dollar verdicts," but the only such claim and appeal in the record is the August 2014 administrative claim regarding Dr. Bonney's conduct. Doc. No. 2 at pp. 8-10. Accordingly, the Court concludes that Plaintiff has not administratively exhausted his third claim for relief, and that claim is dismissed without prejudice.

It is therefore **ORDERED**

"Defendant's Motion to Dismiss Claim 3 of Plaintif's (sic) Second Amended Complaint (Doc. 23)" [Doc. No. 24] is GRANTED. The third claim for relief in the SAC is dismissed without prejudice. Plaintiff's first and second claims for relief remain pending.

It is further **ORDERED**

A scheduling conference is set for **February 12, 2018 at 11:45 a.m.** in the Colorado Springs courtroom, **Suite 1000, 212 N. Wahsatch Avenue, Colorado Springs, Colorado**. If this date is not convenient for any party, he or she shall file a motion to reschedule the conference to a more convenient time. The parties need not comply with the requirements of Fed. R. Civ. P. 16 and D.C.COLO.LCivR 16.2. and 26.1. The purpose of the scheduling conference is to consider the nature and status of the case, the timing for filing of any motions, and what discovery, if any, will be needed.

DATED: January 11, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge